John A. Conkle (SB# 117849)
  *j.conkle@conklelaw.com*
Amanda R. Washton (SB# 227541)
  *a.washton@conklelaw.com*
Keith Rossman (SB# 318189)
  *k.rossman@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendant FLYING FOOD
GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARINA ALFARO, individually, and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>      v.<br><br>FLYING FOOD GROUP, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.<br><br>**DEFENDANT FLYING FOOD GROUP, LLC'S NOTICE OF REMOVAL**<br><br>Los Angeles Superior Court, Case No. 21STCV36766<br><br>Action Filed: October 6, 2021<br>Trial Date:    None |

1
2

# **TABLE OF CONTENTS**

**Page**

3   I.    INTRODUCTION ................................................................. 5

4   II.   THE FILING OF THIS NOTICE OF REMOVAL IS TIMELY ..................... 6

5   III.  CLASS ACTION ALLEGATIONS .................................................. 6

6   IV.   THE   CLASS   ACTION   SATISFIES   THE   JURISDICTIONAL
      PREREQUISITES FOR REMOVAL UNDER CAFA ................................. 7

7
8        A.    THERE  ARE  OVER  100  MEMBERS  IN  THE  PUTATIVE
              CLASS ...................................................................... 8

9        B.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000 ........... 8

10       C.    THERE IS MINIMAL DIVERSITY ..................................... 13

11  V.   CONCLUSION .............................................................. 13

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

<u>**TABLE OF AUTHORITIES**</u>

2

<u>**Page**</u>

3

<u>**FEDERAL CASES**</u>

4

5
*Abrego v. The Dow Chem. Co.*,
    443 F. 3d 676 (9th Cir. 2006)...................................................................5

6
*Behrazfar v. Unisys Corp.*,
    687 F. Supp. 2d 999 (C.D. Cal. 2009).....................................................7

7

8
*Campbell v. Vitran Exp., Inc.*,
    471 F. App'x 646 (9th Cir. 2012).............................................................5

9
*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) ..............................................................................4

10

11
*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
    899 F.3d 785 (9th Cir. 2018)....................................................................8

12
*Henry v. Cent. Freight Lines, Inc.*,
    692 F. App'x 806 (9th Cir. 2017).............................................................5

13

14
*Johnson v. Columbia Properties Anchorage, LP*,
    437 F. 3d 894 (9th Cir. 2006)...................................................................9

15
*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002)......................................................5

16

17
*Korn v. Polo Ralph Lauren Corp.*,
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) ...................................................5

18
*Lewis v. Verizon Commc'ns, Inc.*,
    627 F. 3d 395 (9th Cir. 2010)..............................................................1, 5

19

20
*Oda v. Gucci Am., Inc.*,
    2015 WL 93335 (C.D. Cal. Jan. 7, 2015) ...............................................8

21
*Paul, Johnson, Alston & Hunt v. Graulty*,
    886 F. 2d 268 (9th Cir. 1989)...................................................................8

22

23
*Rippee v. Boston Market Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) .....................................................5

24
*Sanchez v. Monumental Life Ins. Co.*,
    102 F. 3d 398 (9th Cir. 1996)...................................................................6

25

26
*Scherer v. Equitable Life Assurance Society of the United States*,
    347 F. 3d 394 (2d Cir. 2003)....................................................................5

27

28

**FEDERAL STATUTES**

28 U.S.C. § 1332.................................................................................4, 9

28 U.S.C. § 1446.................................................................................2, 3, 5

**OTHER AUTHORITIES**

California Business and Professions Code §§ 17200 et seq........................................3

California Labor Code § 203 .........................................................6

California Labor Code § 226 .........................................................6

1    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,
2  Defendant Flying Food Group, LLC ("Defendant" or "FFG"), by and through its
3  counsel, remove to this Court the action entitled *Carina Alfaro v. Flying Food Group,*
4  *LLC* ("Action"), Case No. 21STCV25112, which was originally filed in the Superior
5  Court of the State of California for the County of Los Angeles.

6

## I.    INTRODUCTION

8    Removal is proper because this putative class action meets the jurisdictional
9  requirements under the Class Action Fairness Act of 2005 ("CAFA").  The Action
10  involves an amount in controversy exceeding $5,000,000, asserts a putative class
11  consisting of more than 100 members, and is between citizens of different states.

12    Defendant's filing of this Notice of Removal is in no way a concession or an
13  assessment of its liability in this Action.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d
14  395, 400 (9th Cir. 2010).  Defendant disputes its liability in any amount as to all claims
15  raised by Plaintiff Carina Alfaro ("Plaintiff") and/or any putative class member
16  (collectively, "Plaintiffs").   Defendant further disputes that Plaintiff and/or any
17  member of the putative class suffered any injury or incurred damages as a result of
18  Defendant's acts.   Defendant further disputes that Plaintiff, any putative class
19  member, or their attorneys are entitled to any relief, including but not limited to
20  compensatory or consequential damages, civil penalties, punitive damages, attorney's
21  fees, prejudgment interest, or injunctive relief.   Defendant further contends that to
22  extent any claims exist in this Action, they are subsumed by the claims brought and
23  being adjudicated in the action entitled, *Maria Rodas v. Flying Food Group, LLC,*
24  Case No. 2:19-cv-00436, a wage and hour class action.  (*See* Defendant's Notice of
25  Related Cases filed concurrently herewith.)  Defendant hereby reserves the right to
26  contest the legal sufficiency of the claims raised in this Action, and the right to raise
27  any other defenses.

28

## II.     THE FILING OF THIS NOTICE OF REMOVAL IS TIMELY

On October 6, 2021, Plaintiff Carina Alfaro filed a Complaint on behalf of a putative class alleging wage and hour violations in the Superior Court of the State of California for the County of Los Angeles as *Carina Alfaro v. Flying Food Group, LLC*, Case No. 21STCV36766.   (Declaration of John A. Conkle In Support of Defendant Flying Food Group, LLC's Notice of Removal ("Conkle Decl.") at ¶ 2.) Defendant was served with the Summons and Complaint on October 15, 2021.  (*Id.*) Defendant attaches a copy of the Summons and Complaint served upon it as **Exhibit A**, and sets forth the grounds for removal below.  (*Id.*)  Defendant attaches a copy of the proof of service of the Summons and Complaint filed in the Superior Court of the State of California in the County of Los Angeles, as **Exhibit B.**  (*Id.* at ¶ 3.)  Under 28 U.S.C. § 1446(b)(1), Defendant must remove the Action within thirty days of service.  The filing of this Notice of Removal is therefore timely.  Under 28 U.S.C. § 1446(a), Defendant need only provide a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

Following the filing of this Notice of Removal, Defendant will also promptly serve a copy of this Notice of Removal to Plaintiffs' counsel and file a copy of the Notice with the Clerk of the Superior Court of the State of California for the County of Los Angeles.  28 U.S.C. § 1446(d).  (*Id.* at ¶ 4.)

## III.    CLASS ACTION ALLEGATIONS

Plaintiffs bring this action on behalf of themselves and a putative class of similarly situated employees, defined as:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

(Ex. A, Complaint at 8:2-4.)  The Complaint further specifies that Plaintiff "worked for Defendants in the County of Los Angeles."  (Ex. A, Complaint at ¶¶ 7 and 13.)

1  Plaintiff worked at Defendant's Los Angeles facilities located at 6751 W. Imperial
2  Hwy, Los Angeles, California 90045 (the "LAX Facility") and when that facility
3  closed in November 2019, moved to a new facility, located at 901 W. Hillcrest Blvd,
4  Inglewood, California 90301 (the "LAI Facility").  (Borges Decl. ¶ 4.)  All of the
5  employees from LAX, moved to the new LAI Facility.  (Borges Decl. ¶ 5.)

6       The Complaint alleges that Defendant fails to pay its employees for all hours
7  worked, that its workplace practices do not allow the putative class to take timely and
8  duty-free meal periods and rest breaks, that it does not indemnify its employees for
9  necessary business expenses, that putative class members terminated from
10  employment do not receive all wages owed at termination, that Defendant failed to
11  maintain accurate records of the hours employees worked, and failed to provide its
12  employees with accurate and itemized wage statements.  (Ex. A, Complaint at ¶4 (a)
13  – (g).)  The Complaint brings eight causes of action for: 1) failure to pay minimum
14  wages; 2) unpaid overtime compensation; 3) failure to provide meal periods; 4) failure
15  to provide rest periods; 5) failure to indemnify necessary business expenses; 6)
16  waiting time penalties; 7) failure to provide itemized wage statements; and 8) unfair
17  competition in violation of California Business and Professions Code §§ 17200 et seq.
18  (Ex. A, Complaint at ¶¶ 36-99.)

19       Plaintiffs seek relief in the form of an order certifying the proposed class,
20  compensatory and consequential damages, award of unpaid wages and overtime
21  compensation, meal period and rest break premiums, reimbursement of business
22  expenses, injunctive relief, civil penalties, statutory damages and penalties,
23  restitution, an injunction against unfair business practices, prejudgment interest, and
24  reasonable attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief.)

25  **IV.   THE   CLASS   ACTION   SATISFIES   THE   JURISDICTIONAL**
       **PREREQUISITES FOR REMOVAL UNDER CAFA**
26

27       Defendant may remove this Action under 28 U.S.C. § 1446(a) by providing a
28  "short and plain statement of the grounds for removal…."  Defendant's removal

1  allegations should be construed liberally. *Dart Cherokee Basin Operating Co., LLC*
2  *v. Owens*, 135 S. Ct. 547, 554 (2014).

3      Under CAFA, a district court has original jurisdiction over a civil action  "in
4  which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of
5  interest and costs, and is a class action in which…any member of a class of plaintiffs
6  is a citizen of a State different from any defendant[,]" and is a class action with at
7  least 100 putative class members.  28 U.S.C. §§ 1332(d)(2), (5)(B).  This Action meets
8  each of these prerequisites.

9      **A.    THERE ARE OVER 100 MEMBERS IN THE PUTATIVE CLASS**

10     A class action may be removed under CAFA if the number of members of all
11 proposed plaintiff classes in the aggregate is more than 100.   28 U.S.C. §
12 1332(d)(5)(B).  There are approximately 790 employees who worked or are working
13 at the LAX and LAI facilities during the Class Period.[1]  (Borges Decl. at ¶ 6.)  Because
14 the putative class consists of more than 100 members, this Action meets the
15 jurisdictional prerequisite under 28 U.S.C. § 1332(d)(5)(B).

16     **B.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

17     When a class action is removed under CAFA, the district court can exercise
18 original jurisdiction over the action when "the matter in controversy exceeds the sum
19 or value of $5,000,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332(d)(2).

20     Although Defendant disputes any liability as to Plaintiffs' claims, and disputes
21 that Plaintiffs and/or the putative class suffered any injury or incurred damages, the
22 amount in controversy raised by the claims asserted in the class action Complaint, in

23

24 _____

25 [1] For purposes of the claims discussed in this Notice of Removal, Defendant uses a
time period of October 6, 2018 through the present, or three years prior to the filing
26 of the Complaint (referred to hereinafter as the "Class Period" unless otherwise
stated).  However, Plaintiff includes a Business and Professions Code §17200 claim
27 (cause of action No. 8), which would extend the class period of certain claims an
28 additional year.

1   the aggregate, exceed $5,000,000, exclusive of interest and costs.  *See Lewis v.*
2   *Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in
3   controversy is simply an estimate of the total amount in dispute, not a prospective
4   assessment of defendant's liability.")

5        To meet this jurisdictional requirement, under 28 U.S.C. § 1446(a), "a
6   defendant's notice of removal need include only a plausible allegation that the amount
7   in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*
8   *Co.*, LLC, 135 S. Ct. at 554  ("By borrowing Rule 8(a)'s 'short and plain statement'
9   standard, corroborative history indicates, Congress intended to clarify that courts
10  should 'apply the same liberal rules [to removal allegations as] to other matters of
11  pleading.  … The amount-in-controversy allegation of a plaintiff invoking federal-
12  court jurisdiction is accepted if made in good faith.'" (citation omitted)).

13       "In measuring the amount in controversy, a court must assume that the
14  allegations of the complaint are true and that a jury will return a verdict for the plaintiff
15  on all claims made in the complaint. … The ultimate inquiry is what amount is put 'in
16  controversy' by the plaintiff's complaint, not what a defendant will actually owe."
17  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing
18  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001
19  (C.D. Cal. 2002), *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.
20  2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.
21  3d 394, 399 (2d Cir. 2003)).  *See also Campbell v. Vitran Exp., Inc.*, 471 F. App'x
22  646, 648 (9th Cir. 2012) (unpublished) (quoting *Kenneth Rothschild Trust v. Morgan*
23  *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.2002)); *Henry v. Cent.*
24  *Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (unpublished).

25       To meet the amount in controversy threshold when a complaint fails to specify
26  the amount of damages sought, a defendant need only show that "it is more likely than
27  not that the amount in controversy satisfies the federal diversity jurisdictional amount
28  requirement."  *Abrego v. The Dow Chem. Co.*, 443 F. 3d 676, 683 (9th Cir. 2006)

1   (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996))

2   (quotations omitted).  Here, Plaintiffs seek relief in the form of damages, attorney's

3   fees, injunctive relief, and more, but do not set forth a numerical sum sought.

4        In the Complaint, Plaintiffs bring eight causes of action.  Plaintiffs contend that

5   the putative class is entitled to waiting time penalties under California Labor Code §

6   203, in Plaintiffs' Sixth Cause of Action.  Defendant provides payroll services to both

7   facilities where Plaintiff worked, LAX and LAI.  (Borges Decl. at ¶ 5.)   While

8   Defendant denies the factual allegations pertaining to Plaintiffs' waiting time

9   penalties claim, for purposes of this Notice of Removal, Defendant estimates that

10  approximately 561 employees were separated from their employment at the LAX and

11  LAI Facilities from October 6, 2018 to the present.  (Borges Decl. at ¶ 7.)  Defendant

12  estimates that the average hourly rate for terminated employees between October 6,

13  2018 and the present is approximately $17.43.  (*Id*. at ¶7.)  Assuming Plaintiffs'

14  allegations are true for purposes of removal, and that the maximum statutory penalty

15  of 30 days applies, Defendant estimates the amount in controversy for this single

16  claim is approximately $2,346,775.20 ($17.43/hr * 8 hours * 30 days * 561

17  employees).

18       Plaintiffs also contend, in its Seventh Cause of Action, that the putative class is

19  entitled to penalties for inaccurate wage statements in the form pursuant to California

20  Labor Code § 226(e), which is $50.00 for the initial pay period in which the violation

21  occurred and $100.00 for each subsequent pay period violation, pursuant to Labor

22  Code § 226(e), up to the statutory maximum amount of $4,000.00. (Ex. A, Complaint

23  at ¶ 36.)  As Plaintiffs note, "Calculation of the true wage entitlement for Plaintiff and

24  the Class is difficult and time consuming."  (Ex. A, Complaint at ¶ 73.)  However,

25  even when using conservative assumptions to estimate the amount in controversy for

26  the Section 226 claim, Defendant approximates the amount in controversy for this

27  claim alone is nearly $1 million. *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999,

28

1004 (C.D. Cal. 2009) (accepting estimate made "in good faith" based on "relatively

conservative" figures when evaluating a motion to remand).

Here, while Defendant denies the factual allegations pertaining to Plaintiffs'

inaccurate wage statements claim, Defendant assumes that Plaintiffs will recover

$50.00 for each initial violation and $100 for each subsequent violation if the

allegations in the Complaint are true. Defendant estimates that the average length of

service for each employee in this class period is one year (or 52 pay periods).[2]

Defendant estimates that there were approximately 397 employees employed at the

LAI Facility, from October 6, 2020, to the present. (Borges Decl. at ¶ 8.) These 397

employees worked a total of 11,389 pay periods during that time period. (*Id*.) Based

on these assumptions, Defendant estimates the amount in controversy for this single

claim is $1,119,050 ($50.00 * 397  initial pay period violation = $19,850) + ($100 *

10,992 remaining pay period violations = $1,099,200).

Plaintiffs, in their Third and Fourth Causes of Action, also seek penalties for

missed meal periods and rest breaks, in the form of "unpaid meal period premium

wages" and "unpaid rest period premium wages" pursuant to Cal. Lab. Code §

226.7(c). (*See* Ex. A, Complaint, Prayer for Relief at ¶¶ 16 and 21.)  Plaintiff asserts

that she was "typically scheduled to work 5 days in a workweek, and typically in

excess of 8 hours in a single workday." (*Id*. at ¶ 13.)  Again, while Defendant denies

the factual allegations pertaining to Plaintiffs' meal periods and rest breaks claims,

Defendant estimates that there were approximately 790 employees employed at the

LAX and LAI Facilities from October 6, 2018 to the present, and they worked

approximately 30,906 pay periods; 8,627 at LAX and 22,279 at LAI. (Borges Decl.

at ¶¶ 7, 9.)  Prior to the move to the new LAI Facility, the workers at LAX were paid

bi-weekly (or every two weeks); after the move to the LAI Facility, the employees

---

[2] Defendants' nonexempt hourly workers are paid on a weekly basis. (Borges Decl. at ¶ 9.)

1    were paid weekly.  (*Id.*)  Defendant therefore estimates that, in the last three years,[3]

2    workers at the LAX and LAI Facilities have worked 198,022 total shifts (86,627 at

3    LAX (8,627 * 10 bi-weekly shifts) and 111,395 at LAI (22,279 * 5 weekly shifts)).

4    Defendant applies an average meal period and rest break violation rate of 50*%. See*

5    *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (employer's

6    assumption of a 50 percent violation rate for missed meal and rest breaks is

7    reasonable).  Thus, Defendant estimates that the amount in controversy for this claim

8    is $1,725,762 (198,022 shifts * $17.43/hr * 50% violation rate).

9    The total amount in controversy for these three claims alone equals $5,191,587.

10   Plaintiffs also seek to recover statutory attorneys' fees, which also must be included

11   in calculating the amount in controversy.  In the Ninth Circuit, "a court must include

12   future attorneys' fees recoverable by statute or contract when assessing whether the

13   amount-in-controversy requirement is met."  *Fritsch v. Swift Transportation Co. of*

14   *Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  "Because the law entitles [plaintiff]

15   to an award of attorneys' fees if he is successful, such future attorneys' fees are at

16   stake in the litigation, and must be included in the amount in controversy."  *Id.  See*

17   *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F. 2d 268, 273 (9th Cir. 1989) (25% of

18   the gross fund is a proper benchmark for awarding attorney's fees in class actions).

19   25% of the amount in controversy estimated for these three claims is approximately

20   $1,297,896.73.

21   Plaintiffs also seek injunctive relief and penalties for five additional causes of

22   action, including but not limited to relief for unpaid wages and unpaid overtime

23   compensation.  The cost of compliance with an injunction must also be included in

24   the amount in controversy calculation further increasing thes estimate.  *Id*. at 793.

25

26   _____

27   [3] This is conservative as caselaw now supports that §17200 cannot support an
     additional year of penalties, like meal period penalties but only the disgorged wages

28   that were not paid.

1    Because the amount in controversy for just three of the eight claims asserted by

2    Plaintiffs exceeds $5,000,000, and any estimate of damages for Plaintiffs' remaining

3    claims, costs of compliance with an injunction, and attorney's fees will serve only to

4    increase the amount in controversy, the amount in controversy in this Action exceeds

5    $5,000,000 and therefore meets the jurisdictional threshold under CAFA.

6    ## C.    THERE IS MINIMAL DIVERSITY

7    When a class action is removed under CAFA, the district court can exercise

8    original jurisdiction over the action when "any member of a class of plaintiffs is a

9    citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(5)(B).  Plaintiff

10   Carina Alfaro worked at Defendant's Los Angeles Facilities.  (Ex. A, Complaint at ¶

11   13.)  On information and belief, Plaintiff is a citizen of California.  (*Id*. at ¶ 7.)

12   Contrary to the allegations in Plaintiff's Complaint, Defendant Flying Food

13   Group, LLC is a limited liability company organized in Delaware with its principal

14   place of business in Illinois.  (Ex. A, Complaint at ¶ 9; Borges Decl. at ¶ 1.)  Flying

15   Food Fare, Inc., an Illinois corporation with its principal place of business in Illinois,

16   is the sole member of Defendant Flying Food Group, LLC.  (Borges Decl. at ¶ 2.)  For

17   purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its

18   owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437

19   F. 3d 894, 899 (9th Cir. 2006).  The sole member of Flying Food Group, LLC is a

20   citizen of Illinois.

21   Because at least one Plaintiff is a citizen of California, Defendant's sole LLC

22   member is not a citizen of California, and no Plaintiff is a citizen of the same state as

23   an LLC member of Defendant, minimal diversity exists under CAFA.

24   ## V.    CONCLUSION

25   This Action involves an amount in controversy exceeding $5,000,000, involves

26   a putative class consisting of more than 100 members, and is between citizens of

27   different states.  Because Defendant timely filed this Notice of Removal and this

28

1   putative class action meets the jurisdictional prerequisites under CAFA, removal is

2   proper.

3

4   Dated:  November 12, 2021          John A. Conkle

5                                      Amanda R. Washton

                                       Keith Rossman, members of

6                                      CONKLE, KREMER & ENGEL

7                                      Professional Law Corporation

8

9

                                       By:  */s/John A. Conkle*

10                                          John A. Conkle

11                                          Attorneys for Defendant FLYING FOOD

                                            GROUP, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28