1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11     CARINA ALFARO, individually, and         Case No. 2:21-cv-08920-AB-GJS
       on behalf of all others similarly
12     situated,
                                                 **STIPULATED PROTECTIVE
13              Plaintiff,                        ORDER**[1]

14          v.                                   Honorable André Birotte Jr.,
                                                 Presiding Judge
15     FLYING FOOD GROUP, LLC, a
       limited liability company; and DOES      Honorable Gail J. Standish,
16     1 through 10, inclusive,                  Magistrate Judge

17                                               Action Filed:      Oct. 6, 2021
                Defendants.                      Removed to USDC:   Nov. 12, 2021
18                                               Trial Date:         Sept. 19, 2023

19

20

21

22

23

24

25

26

27
       [1] This Stipulated Protective Order is substantially based on the model protective order
28     provided under Magistrate Judge Gail J. Standish's Procedures.
       1020.058\2022-05-16

1.     A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, employee information, financial information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, private employment information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve

1  the ends of justice, a protective order for such information is justified in this matter.

2  It is the intent of the parties that information will not be designated as confidential for

3  tactical reasons and that nothing be so designated without a good faith belief that it

4  has been maintained in a confidential, non-public manner, and there is good cause

5  why it should not be part of the public record of this case.

6          C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

7          The parties further acknowledge, as set forth in Section 12.3, below, that this

8  Stipulated Protective Order does not entitle them to file confidential information

9  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

10  the standards that will be applied when a party seeks permission from the court to file

11  material under seal.

12          There is a strong presumption that the public has a right of access to judicial

13  proceedings and records in civil cases.  In connection with non-dispositive motions,

14  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

15  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

16  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*,

17  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

18  cause showing), and a specific showing of good cause or compelling reasons with

19  proper evidentiary support and legal justification, must be made with respect to

20  Protected Material that a party seeks to file under seal.  The parties' mere designation

21  of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – Attorneys' Eyes Only" does not—without the submission of

23  competent evidence by declaration, establishing that the material sought to be filed

24  under seal qualifies as confidential, privileged, or otherwise protectable—constitute

25  good cause.

26          Further, if a party requests sealing related to a dispositive motion or trial, then

27  compelling reasons, not only good cause, for the sealing must be shown, and the relief

28

1020.058\2022-05-16                                  -3-

1  sought shall be narrowly tailored to serve the specific interest to be protected.  *See*

2  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each

3  item or type of information, document, or thing sought to be filed or introduced under

4  seal in connection with a dispositive motion or trial, the party seeking protection must

5  articulate compelling reasons, supported by specific facts and legal justification, for

6  the requested sealing order.  Again, competent evidence supporting the application to

7  file documents under seal must be provided by declaration.

8       Any document that is not confidential, privileged, or otherwise protectable in

9  its entirety will not be filed under seal if the confidential portions can be redacted.  If

10  documents can be redacted, then a redacted version for public viewing, omitting only

11  the confidential, privileged, or otherwise protectable portions of the document, shall

12  be filed.  Any application that seeks to file documents under seal in their entirety

13  should include an explanation of why redaction is not feasible.

14  2.    DEFINITIONS

15      2.1    Action: This pending federal lawsuit.

16      2.2    Challenging Party:  A Party or Non-Party that challenges the designation

17  of information or items under this Order.

18      2.3    "CONFIDENTIAL" Information or Items:  Information (regardless of

19  how it is generated, stored or maintained) or tangible things that qualify for protection

20  under Federal Rule of Civil Procedure 26(c), and as specified above in the Good

21  Cause Statement.

22      2.4    "HIGHLY CONFIDENTIAL" – Attorneys' Eyes Only" Information or

23  Items:  Extremely sensitive "Confidential Information or Items" whose disclosure to

24  another Party or nonparty would create a substantial risk of serious injury that could

25  not be avoided by less restrictive means.

26      2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as their

27  support staff).

28

2.6     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

2.7     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.9     House Counsel:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

1  demonstrations, and organizing, storing, or retrieving data in any form or medium)

2  and their employees and subcontractors.

3      2.15  Protected Material:  Any Disclosure or Discovery Material that is

4  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys'

5  Eyes Only."

6      2.16  Receiving Party:  A Party that receives Disclosure or Discovery Material

7  from a Producing Party.

8  3.    SCOPE

9      The protections conferred by this Stipulation and Order cover not only

10  Protected Material (as defined above), but also (1) any information copied or extracted

11  from Protected Material; (2) all copies, excerpts, summaries, or compilations of

12  Protected Material; and (3) any testimony, conversations, or presentations by Parties

13  or their Counsel that might reveal Protected Material.

14      Any use of Protected Material at trial shall be governed by the orders of the

15  trial judge.  This Order does not govern the use of Protected Material at trial.

16  4.    DURATION

17      FINAL DISPOSITION of the action is defined as the conclusion of any

18  appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

19  has run.  Except as set forth below, the terms of this protective order apply through

20  FINAL DISPOSITION of the action.  The parties may stipulate that the they will be

21  contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

22  but will have to file a separate action for enforcement of the agreement once all

23  proceedings in this case are complete.

24      Once a case proceeds to trial, information that was designated as

25  CONFIDENTIAL or maintained pursuant to this protective order used or introduced

26  as an exhibit at trial becomes public and will be presumptively available to all

27  members of the public, including the press, unless compelling reasons supported by

28

1   specific factual findings to proceed otherwise are made to the trial judge in advance

2   of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

3   showing for sealing documents produced in discovery from "compelling reasons"

4   standard when merits-related documents are part of court record).  Accordingly, for

5   such materials, the terms of this protective order do not extend beyond the

6   commencement of the trial.

7   5.      DESIGNATING PROTECTED MATERIAL

8          5.1     Exercise of Restraint and Care in Designating Material for Protection.

9   Each Party or Non-Party that designates information or items for protection under this

10  Order must take care to limit any such designation to specific material that qualifies

11  under the appropriate standards.  The Designating Party must designate for protection

12  only those parts of material, documents, items or oral or written communications that

13  qualify so that other portions of the material, documents, items or communications

14  for which protection is not warranted are not swept unjustifiably within the ambit of

15  this Order.

16         Mass, indiscriminate or routinized designations are prohibited.  Designations

17  that are shown to be clearly unjustified or that have been made for an improper

18  purpose (e.g., to unnecessarily encumber the case development process or to impose

19  unnecessary expenses and burdens on other parties) may expose the Designating Party

20  to sanctions.

21         If it comes to a Designating Party's attention that information or items that it

22  designated for protection do not qualify for protection, that Designating Party must

23  promptly notify all other Parties that it is withdrawing the inapplicable designation.

24         5.2     Manner and Timing of Designations.  Except as otherwise provided in

25  this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

26  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

27

28

1    under this Order must be clearly so designated before the material is disclosed or

2    produced.

3         Designation in conformity with this Order requires:

4         (a)    for information in documentary form (e.g., paper or electronic

5    documents, but excluding transcripts of depositions or other pretrial or trial

6    proceedings), that the Producing Party affix at a minimum, the legend

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only", to

8    each page that contains protected material.  If only a portion of the material on a page

9    qualifies for protection, the Producing Party also must clearly identify the protected

10   portion(s) (e.g., by making appropriate markings in the margins).

11        A Party or Non-Party that makes original documents available for inspection

12   need not designate them for protection until after the inspecting Party has indicated

13   which documents it would like copied and produced.  During the inspection and

14   before the designation, all of the material made available for inspection shall be

15   deemed "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."   After the inspecting

16   Party has identified the documents it wants copied and produced, the Producing Party

17   must determine which documents, or portions thereof, qualify for protection under

18   this Order.  Then, before producing the specified documents, the Producing Party

19   must   affix   the   appropriate   legend   ("CONFIDENTIAL"   or   "HIGHLY

20   CONFIDENTIAL – Attorneys' Eyes Only") to each page that contains Protected

21   Material.  If only a portion of the material on a page qualifies for protection, the

22   Producing Party also must clearly identify the protected portion(s) (e.g., by making

23   appropriate markings in the margins).

24             (a)    (b)  for testimony given in depositions that the Designating

25   Party identifies the Disclosure or Discovery Material on the record, before the close

26   of the deposition all protected testimony and further specify any portions of the

27   testimony that qualify as "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."

28

1    When it is impractical to identify separately each portion of testimony that is entitled

2    to protection, and when it appears that substantial portions of the testimony may

3    qualify for protection, the Party or non-party that sponsors, offers, or gives the

4    testimony may invoke on the record (before the deposition is concluded) a right to

5    have up to 20 days to identify the specific portions of the testimony as to which

6    protection is sought and to specify the level of protection being asserted

7    ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only").

8    Only those portions of the testimony that are appropriately designated for protection

9    within the 20 days shall be covered by the provisions of this Stipulated protective

10    Order.

11          Transcript pages containing Protected Material must be separately bound by

12    the court reporter, who must affix to the top of each such page the legend

13    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," as

14    instructed by the Party or non-party offering or sponsoring the witness or presenting

15    the testimony.

16          (c)  for information produced in some form other than documentary and for

17    any other tangible items, that the Producing Party affix in a prominent place on the

18    exterior of the container or containers in which the information is stored the legend

19    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only."  If

20    only a portion or portions of the information warrants protection, the Producing Party,

21    to the extent practicable, shall identify the protected portion(s).

22          5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

23    failure to designate qualified information or items does not, standing alone, waive the

24    Designating Party's right to secure protection under this Order for such material.

25    Upon timely correction of a designation, the Receiving Party must make reasonable

26    efforts to assure that the material is treated in accordance with the provisions of this

27    Order.

28

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1    (a) the Receiving Party's Outside Counsel of Record in this Action, as well

2 as employees of said Outside Counsel of Record to whom it is reasonably necessary

3 to disclose the information for this Action;

4    (b) the officers, directors, and employees (including House Counsel) of the

5 Receiving Party to whom disclosure is reasonably necessary for this Action;

6    (c) Experts (as defined in this Order) of the Receiving Party to whom

7 disclosure is reasonably necessary for this Action and who have signed the

8 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (d) the court and its personnel;

10    (e) court reporters and their staff;

11    (f) professional jury or trial consultants, mock jurors, and Professional

12 Vendors to whom disclosure is reasonably necessary for this Action and who have

13 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14    (g) the author or recipient of a document containing the information or a

15 custodian or other person who otherwise possessed or knew the information;

16    (h) during their depositions, witnesses, and attorneys for witnesses, in the

17 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

18 requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

19 not be permitted to keep any confidential information unless they sign the

20 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

21 agreed by the Designating Party or ordered by the court.  Pages of transcribed

22 deposition testimony or exhibits to depositions that reveal Protected Material may be

23 separately bound by the court reporter and may not be disclosed to anyone except as

24 permitted under this Stipulated Protective Order; and

25    (i) any mediator or settlement officer, and their supporting personnel,

26 mutually agreed upon by any of the parties engaged in settlement discussions.

27

28 1020.058\2022-05-16         -11-

7.3   Disclosure of "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as attorneys, staff and employees of said Outside Counsel of Record's firm to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters and their staff, and professional vendors to whom disclosure is reasonable necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) An officer, director or employee of the Designating Party.

(g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only," that Party must:

1      (a) promptly notify in writing the Designating Party.  Such notification shall

2  include a copy of the subpoena or court order;

3      (b)  promptly notify in writing the party who caused the subpoena or order

4  to issue in the other litigation that some or all of the material covered by the subpoena

5  or order is subject to this Protective Order.  Such notification shall include a copy of

6  this Stipulated Protective Order; and

7      (c)  cooperate with respect to all reasonable procedures sought to be pursued

8  by the Designating Party whose Protected Material may be affected.

9      If the Designating Party timely seeks a protective order, the Party served with

10  the subpoena or court order shall not produce any information designated in this action

11  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only"

12  before a determination by the court from which the subpoena or order issued, unless

13  the Party has obtained the Designating Party's permission.  The Designating Party

14  shall bear the burden and expense of seeking protection in that court of its confidential

15  material and nothing in these provisions should be construed as authorizing or

16  encouraging a Receiving Party in this Action to disobey a lawful directive from

17  another court.

18  9.  A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE

19      PRODUCED IN THIS LITIGATION

20      (a)  The terms of this Order are applicable to information produced by a

21  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

22  produced by Non-Parties in connection with this litigation is protected by the

23  remedies and relief provided by this Order.  Nothing in these provisions should be

24  construed as prohibiting a Non-Party from seeking additional protections.

25      (b)  In the event that a Party is required, by a valid discovery request, to

26  produce a Non-Party's confidential information in its possession, and the Party is

27

28

1020.058\2022-05-16                    -13-

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  May 16, 2022

*/s/ Roy K. Suh*
Attorneys for Plaintiff

DATED:  May 16, 2022

*/s/ John A. Conkle*
Attorneys for Defendant

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 18, 2022

HON. GAIL J. STANDISH
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND


I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of _____ **[insert formal name of the case and the number

and initials assigned to it by the court]**.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.  I

hereby  appoint  _____  [print  or  type  full  name]  of

_____  [print  or  type  full  address  and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1020.058\2022-05-16                                              -18-